**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RICHARD BURNHAM (#85012)**               **CIVIL ACTION NO.**

**VERSUS**               **23-206-BAJ-SDJ**

**TIM HOOPER, ET AL.**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 20, 2024.

_____
SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RICHARD BURNHAM (#85012)      CIVIL ACTION NO.

VERSUS      23-206-BAJ-SDJ

TIM HOOPER, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint, as amended, of Richard Burnham, who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana. Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that Burnham's federal claims be dismissed as legally frivolous and for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over Burnham's potential state law claims.

### I.  Background

Burnham instituted this action on or about August 24, 2022, against the Department of Public Safety and Corrections, the Robert E. Barrow Treatment Center, Dr. Jacob Johnson, and Warden Tim Hooper, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] On or about September 14, 2022, Burnham filed an amended Complaint, which omitted all Defendants except Tim Hooper and Dr. Jacob Johnson.[2] Thereafter, this Court severed unrelated claims from this action, and the only claim remaining herein is Burnham's conditions of confinement claim arising from allegedly contaminated water and mold/mildew in the showers. Burnham seeks injunctive and monetary relief.[3]

---

[1] R. Doc. 1.
[2] R. Doc. 4.
[3] R. Doc. 4, p. 6.

**II.    Law & Analysis**

  a.  **Standard of Review**

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4]  The screening process gives the court the ability to separate those claims that may have merit from those that lack a basis in fact or in law.  Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered.  Burnham has sued government officials and prison employees, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[5]  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6]  To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  For a complaint to

---

[4] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP").  28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Burnham was granted IFP status on December 18, 2023, so both statutes apply.  R. Doc. 10.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*

2

survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiffs' claim.[9]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### b. Burnham has Not Stated a Claim Arising from Contaminated Water or Mold/Mildew in the Shower

In his Complaint, Burnham alleges that "the water is contaminated…causing rashing and unsanitary practice surrounded by mold and mildew in the shower area."[14] Burnham's Complaint fails to state a federal constitutional claim cognizable under § 1983. Initially, Burnham has failed to allege facts that support his claim for relief to any reasonable degree of specificity. His assertions relative to contaminated water are entirely conclusory, and he fails to provide the factual detail necessary to plausibly suggest that the water poses an unreasonable risk of serious damage to his health. He also has not provided a factual basis for his assertion that his rash was caused by the water. Such allegations are conclusory and fall short of stating a plausible claim for relief.[15]

---

[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[11] *Id.*, at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] R. Doc. 1, p. 4.
[15] *See Williams v. LeBlanc*, No. 14-519, 2015 WL 539535, at *2 (M.D. La. Feb. 9, 2015) (dismissing a nearly identical claim as frivolous finding that conclusory claims of contaminated tap water causing health problems is insufficient to state a claim).

Similarly, Burnham cannot state a claim arising from the existence of mold and mildew in the shower. The jurisprudence has repeatedly held that the presence of mold and dampness in a prison setting does not render an inmate's confinement unconstitutional.[16] Accordingly, this claim is subject to dismissal.[17]

### c. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Burnham seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. Having recommended that Burnham's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction over any potential state law claims be declined.

---

[16] *Gilton v. Scott*, No. 19-441, 2019 WL 6824852, at *2 (W.D. La. Nov. 21, 2019) (collecting cases demonstrating that allegations of excessive mold in sinks and showers are insufficient to state a claim of constitutional dimension).

[17] Though *pro se* litigants should, generally, be afforded leave to amend prior to dismissing their complaints (*See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (*pro se* litigants should ordinarily be offered an opportunity to amend prior to dismissal), leave to amend is not warranted where amendment consistent with the facts alleged would still fail to state a claim, which is the case here.

**RECOMMENDATION**

**IT IS RECOMMENDED** that Richard Burnham's federal claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim, that the Court decline to exercise supplemental jurisdiction over potential state law claims, and that the case be **CLOSED**.[18]

Signed in Baton Rouge, Louisiana, on May 20, 2024.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the ruling will count as a strike.